# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
June 20, 2025
Lyle W. Cayce
Clerk

No. 25-30062

───────────

Jinel Sexton,

*Petitioner—Appellant*,

*versus*

Edward Bickham, *Warden, Dixon Correctional Institute*,

*Respondent—Appellee*.

───────────

Application for Certificate of Appealability
the United States District Court
for the Eastern District of Louisiana
USDC No. 2:24-CV-1506

───────────

ORDER:

    Jinel Sexton, Louisiana prisoner # 00419751, seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254 application challenging his conviction of sexual battery on a victim under the age of 13. Sexton argues that the trial court erred in admitting certain jail telephone calls into evidence and that the admission violated his federal constitutional rights to a fair trial and due process. He also argues that his counsel rendered ineffective assistance when he failed to realize that the State had turned over confirmation urine analysis results prior to trial and when he failed to cross-examine the victim.

No. 25-30062

As a preliminary matter, Sexton does not reprise in his COA pleadings several of the claims he raised in the district court. Because such claims are not briefed, they are deemed abandoned. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).

Otherwise, a COA may issue only if the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). When the district court denies relief on the merits, an applicant must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Sexton fails to meet the requisite standard. *See id.* As such, his motion for a COA is DENIED.

_____
EDITH H. JONES
*United States Circuit Judge*